## NATIONAL REFINING CO v STRICHMAKER

Ohio Appeals, 5th Dist, Stark Co

No 1490.  Decided October, 1934

Burt, Kinnison, Carson & Shadrach, Canton, for plaintiff in error.

Adelman & Adelman, and E. L. Mills, Canton, for defendant in error.

## OPINION

By LEMERT, J.

From an examination of the whole of the this case, the facts are really not in dispute.  Miss Strichmaker's conduct as set forth in the statement of facts hereinbefore given, is admitted in her testimony in chief, and in her cross-examination, on pages 51, 52 and 53 of the record, she says that when she turned the knob and pushed the door open, she could not see a thing; in fact, she could not see a foot ahead of her, and she further says that she had never been there before and had no reason to expect to find a light cord,

except that such things were sometimes found in such toilets.

From these admitted facts it seems clear to us that giving these admitted facts the most favorable interpretation, that reasonable minds could come to but one conclusion and that is that this young woman who saw fit to go into a strange place, open a closed and unmarked door, and who stood on the threshold and reaching into empty space and, into utter darkness and feeling around until she fell down a flight of steps into which no defect is claimed to exist, she certainly contributed in some degree to the injury she received.

These facts having been admitted and coming from the plaintiff herself, we are of the opinion that a verdict should have been directed upon the motion which was made at the conclusion of her testimony, and renewed at the end of the case. For so holding we cite 114 Oh St, 40, Buell v New York Central Railroad; 118 Oh St, 106, The Laub Baking Co. v Middleton; 103 Oh St, 494, Michalco v Hutchinson.

From an examination of the whole of the record, we are of the opinion that by the actions and conduct of the plaintiff below that they were the sole cause of her injuries and that she was not free from fault. So entertaining these views upon the motion for a directed verdict on the grounds of contributory negligence, we find and deem it unnecessary to pass upon the second alleged ground.

Final judgment for plaintiff in error. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.